UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YUANZONG FU,

Plaintiff,

v.

THATCHER GROUP, INC.,

Defendant.

Case No. 2:26-cv-1508-DJC-JDP (PS)

ORDER

Plaintiff, Yuanzong (Frank) Fu initiated this employment action against his former employer, defendant Thatcher Group, Inc. ECF No. 1. Pending before the court is plaintiff's motion to seal and defendant's motion for a more definite statement.

Attached to the complaint at Exhibit B is plaintiff's EEOC right to sue letter. *Id.* at 12-13. However, the letter is scanned in such a way that makes it difficult to read. *See id.* In light of the poor quality of the letter, defendant has moved for more definite statement, solely seeking a legible copy of the EECO letter. ECF No. 9. Plaintiff has filed a legible copy of the EECO letter. ECF No. 13 at 5. Defendant thereafter filed an answer. ECF No. 15. Accordingly, because defendant's motion was entirely premised on receiving a copy of the EECO letter and defendant has received a legible copy, the motion for a more definite statement is DENIED as moot.

Additionally, plaintiff has filed a motion to seal the entire case. ECF No. 5. He argues that this case contains "sensitive personal, employment, and reputational information," and that

information regarding his complaint can be easily viewed online. *Id.*

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file a document under seal "bears the burden of overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* (citations omitted).

Under the court's local rules, "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law." E.D. Cal. L.R. 141(a). A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Plaintiff's filing does not provide adequate justification for his request to seal this action. Furthermore, he has neither complied with the court's local rules for obtaining a sealing order nor set forth any statutory or case authority as a basis for filing his case under seal. His request to seal is denied.

Finally, since defendant has filed an answer, the court will set this matter for a scheduling conference pursuant to Federal Rule of Civil Procedure 16.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to seal, ECF No. 5, is DENIED.
2. Defendant's motion for a more definite statement, ECF No. 9, is DENIED.
3. An initial scheduling conference is set for September 24, 2026, at 10:00 a.m. The

conference will be conducted remotely via Zoom.[1]

4. No later than fourteen days prior to the scheduling conference, the parties shall file status reports that address the following:[2]

a. the factual and legal contentions set forth in the parties' pleadings, briefly summarized;

b. possible joinder of additional parties;

c. expected amendment of pleadings and, if applicable, a proposed deadline for such amendment;

d. jurisdiction and venue;

e. anticipated motions and their scheduling;

f. a proposed discovery plan and its scheduling, including deadlines for exchanging initial disclosures and for disclosing expert witnesses;

g. proposed cutoff dates for completing discovery and dispositive motions;[3]

h. any proposed changes to the limits on discovery imposed by the Federal Rules of Civil Procedure;

i. whether the case is related to any other cases, including any bankruptcy cases;

j. whether an early settlement conference should be scheduled at the initial scheduling conference;

k. whether the parties will stipulate to the undersigned acting as the settlement judge and waive disqualification from so acting, or whether they prefer to have a different magistrate judge conduct a settlement; and

l. any other matters that may add to the just and expeditious disposition of this

[1] The Zoom invitation will be distributed one week prior to the scheduling conference.

[2] The parties are encouraged to file a joint status report.

[3] The parties are advised that Judge Peterson generally requires that: (1) expert disclosures be completed before the close of fact discovery; (2) all motions to compel discovery be heard approximately thirty days before the close of discovery; and (3) all dispositive motions be heard within approximately ninety days of the discovery completion date. A final pretrial conference will be set after resolution of any dispositive motions or passage of the dispositive motion deadline. A trial date will be determined at the pretrial conference.

matter.

5. The parties are hereby notified that failure to obey federal or local rules, or any order of this court, "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court," including dismissal. E.D. Cal. L.R. 110.

6. The parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. *See* E.D. Cal. L.R. 160.

IT IS SO ORDERED.

Dated: August 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE